IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONZURA PORCHE, )<br>No. B53779, )<br>   )<br>   Plaintiff, )<br>   )<br>   vs. )<br>   )<br>WILLIAM H. HOOKS, and )<br>SHARNELL DUNLAPP, )<br>   )<br>   Defendants. ) | Case No. 15-cv-00793-MJR |

**MEMORANDUM AND ORDER**

**REAGAN, Chief District Judge:**

Plaintiff Monzura Porche is an inmate currently housed in Robinson Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the execution of his Cook County criminal sentence(s). [1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

---

[1] The complaint does not specifically identify the sentence(s) at issue, and the Illinois Department of Corrections' public website indicates that he is serving two sentences imposed by the circuit court for Cook County a six-year term for residential burglary imposed in 2012; and a six-year term imposed for residential burglary imposed in 2013. *See* https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last accessed Sept. 25, 2015).

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

The complaint indicates that when he entered into a plea agreement, Porche was told (by whom is not clear) that he would only have to serve 50% of his six-year sentence in prison. Since entering the custody of the Illinois Department of Corrections, Porche has received four "orders," each with a different "out" date. He has filed motions (at least one was handled in an untimely fashion), to no avail.[2] By Plaintiff's calculation, he has already served more than 50% of his sentence and should be released.

Plaintiff contends that his constitutional rights have been violated and that he should receive monetary compensation for "pain and suffering," be credited for time served in the Cook County Jail, and be released from prison (Doc. 1, pp. 6-7). He brings suit against his public defender, Sharnell Dunlap, and Cook County Circuit Judge William H. Hooks.

## Discussion

The complaint has multiple shortcomings and must be dismissed for the following reasons.

The complaint is vague and lacking in several respects sufficient for dismissal pursuant to Federal Rule of Civil Procedure 8(a) and *Bell Atlantic Corp. v. Twombly*. As already noted, the

---

[2] There is a suggestion that Plaintiff has also attempted to get proper credit for "county time" and the judge "tooks back almost 9 month's that I serve in the Cook County Jail." (Doc. 1, p. 5).

sentence(s) at issue IS not even identified. In addition, Defendants Hooks and Dunlapp are not mentioned in the narrative of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). These errors could be easily cured in an amended complaint, but that does not end the analysis.

*In Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Supreme Court held that habeas corpus (28 U.S.C. § 2254) is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See also Heck v. Humphrey,* 512 U.S. 477, 481 (1994). The Court of Appeals for the Seventh Circuit has further explained, "[s]tate prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices*,* must seek habeas corpus, because they contest the fact or duration of custody." *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir.2000). Consequently, Section 1983 cannot be used to alter Porche's sentence and secure release from prison. Similarly, damages in a Section 1983 suit are unavailable if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Heck,* 512 U.S. at 486–87; *Edwards v. Balisok,* 520 U.S. 641, 645 (1997). *See also Rooding v. Peters,* 92 F.3d 578, 580–81 (7th Cir. 1996) (suit for damages under Section 1983 for miscalculation of sentence credits did not accrue until plaintiff prevailed in state mandamus action); *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (*Heck* precluded suit for damages under Section 1983 for alleged denial of due process in determination of sentence credit classification).

Dismissal of the complaint under the *Heck* doctrine would be without prejudice (*see Polzin v. Gage,* 636 F.3d 834, 838–39 (7th Cir.2011)), but allowing amendment or otherwise leaving open the possibility of breathing life into this action would be futile.

State court judges, such as Judge Hooks, enjoy absolute immunity from federal tort liability for acts committed in their official judicial capacity—such as sentencing decisions. *See Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978 (Judge absolutely immune from suit, even where he or she erred, or acted maliciously); *see also Fields v. Wharrie,* 740 F.3d 1107 1110 (7th Cir. 2014). And, court-appointed public defenders, such as Sharnell Dunlapp, are not state actors, and cannot be sued under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). *See also McDonald v. White*, 465 F. App'x 544, 548-49 (7th Cir. 2012). Therefore, dismissal with prejudice is appropriate.

## Recruitment of Counsel

Plaintiff has moved for recruitment of counsel (Doc. 3), explaining that he has only a grammar school education and lacks sufficient funds to retain counsel. The question now is whether the assistance of counsel could make a difference in light of the reasons the Court has given for dismissing this action with prejudice.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc*., 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—

factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff has not indicated that he has made any attempts to retain counsel. Furthermore, in this particular instance, the assistance of an attorney could not save this action from dismissal, because Judge Hooks has absolute immunity and attorney Dunlapp, as a public defender, is not subject to suit under Section 1983. Plaintiff's motion for counsel (Doc. 3), therefore, will be denied.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for counsel (Doc. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, all claims against all Defendants, and this action, are **DISMISSED with prejudice**. Judgment shall enter accordingly and Plaintiff shall be assessed a "strike" for purposes of 28 U.S.C. § 1915(g). Because Plaintiff remains liable for the filing fee (*Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998)), his motion for leave to proceed *in forma pauperis* (Doc. 2) will be addressed by separate order. Plaintiff's motion for service of process at government expense (Doc. 4) is **DENIED as moot**.

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See*

FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also accumulate another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

DATED:  September 28, 2015            s/ *Michael J. Reagan*
                                      **MICHAEL J. REAGAN**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**